UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 10-40734 |
| | ) | Chapter 7 |
| NICHOLAS MARK STORMO | ) | |
| SSN/ITIN xxx-xx-7863 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| NAMKEN AG PRODUCTS, LLC | ) | Adv. No. 10-4061 |
| | ) | |
| Plaintiff | ) | |
| | ) | DECISION RE: |
| -vs- | ) | PLAINTIFF'S MOTION |
| | ) | FOR SUMMARY JUDGMENT |
| NICHOLAS MARK STORMO | ) | |
| | ) | |
| Defendant. | ) | |

The matter before the Court is Plaintiff Namken Ag Products, LLC's Motion for Summary Judgment. This is a core proceeding under 28 U.S.C. § 157(b)(2). This decision and accompanying order constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As set forth below, the motion will be denied.

I.

Namken Ag Products, LLC ("Namken Ag") obtained a default judgment against Nicholas Mark Stormo ("Debtor") on August 24, 2010 in state court for $52,859.16, plus costs and interest. The state court found "the goods and services provided by [Namken Ag] were obtained by [Debtor] through a false representation and actual fraud." Debtor had notice of the state court action prior to entry of the default judgment.

A few days after the judgment was entered in favor of Namken Ag, Debtor filed a chapter 7 petition in bankruptcy. He scheduled Namken Ag as a creditor. Namken Ag commenced this adversary proceeding seeking a determination its claim against Debtor was nondischargeable under 11 U.S.C. § 523(a)(2)(A), (a)(4), or (a)(6) (doc. 1). Namken sought summary judgment, arguing the state court judgment satisfied all five elements of § 523(a)(2)(A) (doc. 23). Debtor opposed summary judgment (doc. 29), arguing the state court judgment did not satisfy all the elements of § 523(a)(2)(A) because there was no finding Debtor's "representation or fraud related to a fact other than the Debtor's financial condition."

II.

The parties do not dispute the applicable law regarding summary judgment or

the elements of § 523(a)(2)(A). As to the preclusive effect of the state court judgment, the principles of collateral estoppel, or issue preclusion, apply in nondischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 285 (1991). The Court must apply the law of issue preclusion from the state in which the earlier action was brought. *Hobson Mould Works, Inc. v. Madsen* (*In re Madsen*), 195 F.3d 988, 989 (8th Cir. 1999).

In South Dakota, four factors are considered to determine whether issue preclusion applies: (1) whether the issue decided in the prior adjudication is identical to the present issue; (2) whether there was a final judgment on the merits; (3) whether the parties in the two actions are the same or in privity; and (4) whether there was a full and fair opportunity to litigate the issue in the prior adjudication. *Goddard v. City of Deadwood*, 2011 WL 4549171, *15 (D.S.D. June 3, 2011) (citing *Grand State Property, Inc. v. Woods, Fuller, Shultz, & Smith, P.C.*, 556 N.W.2d 84, 87 (S.D. 1996) (quoting *Black Hills Novelty Co. v. South Dakota Commission on Gaming*, 520 N.W.2d 70, 73 (S.D. 1994))).

III.

For a debt to be declared nondischargeable under § 523(a)(2)(A), the false representation must *not* have been a statement respecting the debtor's financial condition. *See Southeast Nebraska Cooperative v. Schnuelle* (*In re Schnuelle*), 441 B.R. 616, 621 (B.A.P. 8th Cir. 2011). Because that element of § 523(a)(2)(A) was not determined by the state court or even relevant to the state court action, the state court's default judgment does not preclude the litigation of that element before this Court. *Link v. L.S.I., Inc.*, 793 N.W.2d 44, 55 (S.D. 2010); *American Family Ins. Group v. Robnik*, 787 N.W.2d 768, 775 (S.D. 2010). Accordingly, Namken Ag is not entitled to summary judgment.

An order denying Namken Ag's motion will be entered, and a final pre-trial conference will be set. At the final pre-trial conference, a trial date, time, and place will be set.

Dated: October 28, 2011.

BY THE COURT:

*[signature]*

Charles L. Nail, Jr.
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota